NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WENDY ALDENA, : | |
| : | Civil Action No. 10-3723 (SRC) |
| Petitioner, : | |
| : | **OPINION** |
| v. : | |
| : | |
| JANET NAPOLITANO, Secretary of : | |
| Homeland Security; et al., : | |
| : | |
| Respondents. : | |
| : | |

**CHESLER**, District Judge

      This matter comes before the Court on Respondents' motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction [docket entry 3]. The motion was noticed for a return date of December 6, 2010, but Petitioner has failed to file opposition. The Court has considered the papers submitted by Respondents and opts to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will grant the motion to dismiss.

**I.     BACKGROUND**

      Petitioner Wendy Aldena, a native of Honduras, filed this action as a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. According to the Complaint, she is currently being held in detention by the United States Immigration and Customs Enforcement ("ICE")

division of the Department of Homeland Security, pursuant to an order of removal. The Declaration of Susan Mason, Acting Supervisory Deportation Officer in ICE's Newark Enforcement and Removal Office, states that Petitioner entered the United States without inspection on or about September 28, 2005, failed to appear for her removal proceedings in Texas and had an order of removal entered against her on March 2, 2006. A copy of that order is provided by Respondents. The declaration also states that she has been in custody since July 10, 2010, but her removal was stayed automatically by virtue of her filing a motion to reopen with the Executive Office of Immigration Review in Harlingen, Texas.

Petitioner alleges that she is in fear of returning to Honduras, but that her request to immigration authorities for a credible fear interview has been refused. She pleads for this Court to issue an order compelling ICE to conduct a credible fear interview and to stay removal temporarily.

**II.  DISCUSSION**

The district court lacks subject matter jurisdiction over this action. The "sole and exclusive means for judicial review of an order of removal" rests with the court of appeals. 8 U.S.C. § 1252(a)(5) and (b)(2). It must be filed "with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). Per the explicit terms of the REAL ID Act of 2005, this rule cannot be circumvented by presenting the challenge as a habeas petition. 8 U.S.C. § 1252(a)(5); *Khouzam v. U.S. Att'y Gen'l*, 549 F.3d 235, 244-45 (3d Cir. 2008); *see also Jimenez v. Holder*, 338 F.App'x 194, 196 (3d Cir. 2009) (holding that district court properly dismissed § 2241 action for lack of jurisdiction under 8

U.S.C. § 1252(a)(5) where petitioner sought to have a new removal hearing ordered because the habeas corpus petition, in essence, challenged an order of removal).

Although Petitioner does not style her petition as seeking review of her removal order, she has in essence challenged the legality and enforcement of that order.  She argues that this Court should order immigration authorities to conduct a credible fear interview, in the hopes of vacating the final order of removal.  She has also asked that the Court halt enforcement of that order pending such an interview.  The Court is simply without authority to order any of the relief Petitioner has requested.

### III.  CONCLUSION

For the foregoing reasons, this Court will grant Respondents' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and dismiss this action for lack of jurisdiction pursuant to 8 U.S.C. § 1252(a)(5).  An appropriate form of order will be filed together with this Opinion.

        s/Stanley R. Chesler  
        STANLEY R. CHESLER  
        United States District Judge

DATED: December 14, 2010

3